Case 2:15-cv-00057 Document 7 Filed in TXSD on 01/20/16 Page 1 of 18

United States District Court
Southern District of Texas
**ENTERED**
January 21, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK WALTERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-57 |
| | § | |
| JOE GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS

This is a *pro se* section 1983 civil rights action brought by Mark Walters, a former[1] prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID). Plaintiff is suing TDCJ Captain Joe Gonzalez for money damages alleging that Captain Gonzalez denied Plaintiff due process protections at a prison disciplinary hearing. Plaintiff challenged the disciplinary conviction on appeal and it was set aside. However, as a result of the disciplinary conviction, Plaintiff's release to mandatory supervision was delayed by 39 days.

Captain Gonzalez has filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that Plaintiff was afforded all the due process protections to which he was entitled at the disciplinary hearing, and, even if Captain Gonzalez rendered the wrong decision on Plaintiff's disciplinary case, he is entitled to

---

[1] Plaintiff has been released from TDCJ custody and is currently on mandatory supervision.

1 / 18

qualified immunity because his actions were objectively reasonable. (D.E. 5). Captain Gonzalez also moves for dismissal of Plaintiff's alleged state law tort claims. *Id.*

For the reasons stated herein, it is respectfully recommended that the Court grant Captain Gonzalez' motion to dismiss and dismiss Plaintiff's claims with prejudice.

## I.   JURISDICTION.

The Court has federal question jurisdiction. 28 U.S.C. § 1331. The case was referred to the undersigned United States Magistrate Judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.[2]

## II.   BACKGROUND FACTS AND PLAINTIFF'S ALLEGATIONS.

In December 2013, Plaintiff was housed at the McConnell Unit infirmary in Beeville, Texas, where he was recovering from jaw surgery for a fractured jaw. (D.E. 1, p. 3). Plaintiff's mouth was wired shut and he was unable to talk and was on a liquid diet. (D.E. 1, p. 4).

On December 17, 2013, Officer Juarez was passing out dinner. Officer Juarez skipped Plaintiff's cell and, in an attempt to get her attention, Plaintiff began banging on his cell door. (D.E. 1, p. 4). Plaintiff claims that Officer Juarez was "indifferent" to his need and refused to return "to see what the emergency was." (D.E. 1, p. 4). Plaintiff continued to bang on the door to try to get the attention of someone from the nursing staff to get his meal.[3] (D.E. 1, p. 4). The next day, Plaintiff was given a major disciplinary case for creating a disturbance. (D.E. 1, p. 4).

---

[2] *See* Special Order No. C-2013-01 on file with the District Clerk.
[3] Plaintiff points out that he lost 20 pounds over the course of his stay at the McConnell Unit infirmary, from December 11, 2013 through February 2, 2014, while his jaw was wired shut. (D.E. 1, pp. 3-4).

On December 19, 2013 at 10:17 a.m., Plaintiff was called for a disciplinary hearing. (D.E. 1, p. 5). However, it was determined that Plaintiff had not been afforded the full 24-hours notice required prior to conducting the disciplinary hearing, and the hearing was rescheduled until the next day. (D.E. 1, p. 5).

On December 20, 2013, at approximately 2:17 p.m., Plaintiff attended a disciplinary hearing, Case no. 20140111335, on the charge of creating a disturbance, a Code 23 offense. Captain Gonzalez presided as the disciplinary hearing officer (DHO). (D.E. 1, p. 5). Officer Juarez testified via telephone and claimed that Plaintiff's banging on the door had interfered with her ability to distribute dinner to the other inmates and had prevented the nurse from dispensing medication. (D.E. 1, p. 5). Plaintiff called the infirmary nurse as a witness and the nurse testified that she was in fact able to complete her medication rounds without difficulty. (D.E. 1, p. 5). At the conclusion of the evidence, Captain Gonzalez found that Plaintiff did not commit a Code 23 violation of creating a disturbance and he dismissed this charge. (D.E. 1, p. 5). However, Captain Gonzalez substituted the Code 23 charge for a Code 24 charge of disobeying an order and found Plaintiff guilty of that offense. (D.E. 1, p. 5). As punishment, Plaintiff received ten (10) days loss of earned good time credits, 45 days loss of commissary and recreation privileges, and his time earing classification was reduced from L1 to L2. (D.E. 1, p. 5).

On December 21, 2013, Plaintiff filed a Step 1 grievance, Grievance no. 2014067259, appealing his disciplinary conviction on the grounds that he had not been given adequate notice of the Code 24 charges, that the DHO was not impartial, and there was insufficient evidence to support the finding of guilty of a Code 24 offense. (D.E. 1,

pp. 14-15). On February 25, 2014, Warden Ramirez denied Plaintiff's step 1 grievance finding there were no procedural errors and there was sufficient evidence to support the DHO's decision. (D.E. 1, p. 15).

On March 25, 2014, Plaintiff filed a Step 2 appeal of Grievance No. 2014067259. (D.E. 1, pp. 16-17). On April 14, 2014, the Regional Grievance Office overturned Plaintiff's disciplinary conviction in Case No. 20140111335. (D.E. 1, p. 17). On June 13, 2014, Plaintiff was released from TDCJ-CID custody. (D.E. 1, p. 3). On January 23, 2015, Plaintiff filed this civil rights action against Captain Gonzalez. (D.E. 1). Plaintiff claims that Captain Gonzalez violated his constitutional rights by finding him guilty of a "lesser included offense" at the December 20, 2013 disciplinary hearing without proper notice and an opportunity to defend his self against these "new" charges. (D.E. 1, pp. 5-6). Plaintiff also claims that on April 4, 2014 he was denied release to mandatory supervision because of the disciplinary conviction. (D.E. 1, p. 6). Plaintiff has also raised state law claims of malicious prosecution and defamation of character. (D.E. 1, pp. 7-9). Plaintiff seeks damages for extended prison time beyond his mandatory supervision release date for 39 extra days, (from April 4, 2014 to June 13, 2014), injury to his reputation, and mental anguish. (D.E. 1, p. 10).

### III. Rule 12(b)(6).

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant may move to dismiss a complaint for failure to state a claim upon which relief may be granted; however, the district court must construe the complaint in a light most favorable to the plaintiff, and the allegations contained therein must be taken as true. *Erickson v. Pardus,*

551 U.S. 89, 93-94 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the context of a defendant's motion to dismiss, the district court's review is limited to the allegations in the complaint and to those documents attached to a defendant's motion to dismiss to the extent that those documents are referred to in the complaint and are central to the claims. *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

The court will not, however, accept as true conclusory allegations or unwarranted deductions of fact. *Hicks v. Parker,* 349 Fed. Appx. 869, *1 (5th Cir. 2009). "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim. Thus, the court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in his complaint." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).

IV.   ANALYSIS.

   A.   **Plaintiff's § 1983 claims satisfy *Heck*.**

As a preliminary matter, it is worth noting that Plaintiff has satisfied the initial requirements for bringing a suit for damages based on an allegedly unconstitutional conviction or sentence as mandated by *Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck v. Humphrey,* the Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been [overturned]." *Heck*, 512 U.S. at 486-87. The Fifth Circuit has explained that "[i]t is well-settled under *Heck* that a plaintiff who has been convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if that 'violation arose from the same facts attendant to the charge for which he was convicted....'" *Bush v. Strain*, 513 F.3d 492, 497 (5th Cir. 2008) (quoting *Heck*, 512 U.S. at 486-87). The *Heck* doctrine also operates to bar prisoners from challenging the punishment imposed by a disciplinary proceeding through a § 1983 action. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("[plaintiff's] claim for declaratory relief and money damages, based on allegations ... that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983"); *Clarke v. Stalder*, 154 F.3d 186, 189-91 (5th Cir. 1998) (en banc) (applying *Heck* to bar plaintiff's constitutional claims that were fundamentally intertwined with his request for restoration of good-time credits).

In this case, Plaintiff's due process challenges to the disciplinary hearing necessarily called into question the validity of the disciplinary conviction itself. Under *Heck*, Plaintiff could not maintain the instant lawsuit for damages until the disciplinary conviction was set aside. Plaintiff successfully appealed his disciplinary conviction and it was overturned on April 14, 2014. (D.E. 1, p. 17). Accordingly, Plaintiff has satisfied *Heck* for purposes of pursuing his § 1983 damage claims.

**B.     Eleventh Amendment.**

Plaintiff did not indicate whether he is suing Captain Gonzalez in his official capacity or individual capacity, so it is assumed he is suing him in both.

A suit against a state officer in his or her official capacity is effectively a suit against that state official's office. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment, however, bars claims for money damages against a state or state agency. *See Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 54 (1996); *Aguilar v. Texas Dep't of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). As such, an action for monetary damages against a state official in his or her official capacity is one against the state itself, and is barred by the Eleventh Amendment. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). The Fifth Circuit has extended the Eleventh Amendment immunity specifically to TDCJ-CID officers and officials acting in their official capacities. *See Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2002) (Eleventh Amendment bars prisoner's suit for money damages against prison officials in their official capacities).

Thus, to the extent Plaintiff is suing Captain Gonzalez in his official capacity for money damages, those claims are barred by the Eleventh Amendment. Accordingly, it is respectfully recommended that the Court dismiss those claims with prejudice as barred by the Eleventh Amendment.

**C.     No due process violations.**

Plaintiff contends that he was denied due process at the December 20, 2013 disciplinary hearing by Captain Gonzalez because: (1) he was provided notice only of the

Code 23 offense of creating a disturbance and Captain Gonzalez' decision to charge him with the Code 24 offense of disobeying an order deprived him of adequate notice and an opportunity to be heard; (2) Captain Gonzalez denied Plaintiff the ability to call witnesses and to present documentary evidence in his defense on the Code 24 violation; (3) the decision to charge him with the Code 24 offense at the hearing violated TDCJ-CID rules and regulations; and (4) even though the disciplinary conviction was reversed and Plaintiff was released to mandatory supervision, this action does not cure the due process violations at the disciplinary hearing. (D.E. 5).

The Supreme Court has held that prisoners may also claim the protections of the due process clause; however, those protections are subject to restrictions imposed by the nature of the regime to which they have been lawfully committed." *Wolff v. McDonnell,* 418 U.s.539, 556 (1974). Prison disciplinary proceedings are not criminal prosecutions, and the defendant in such proceedings is not entitled to the same due process protections. *Id.* "[C]onsideration of what procedures due process may require under any given circumstances must begin with a determination of the precise nature of the government function involved as well as of the private interest that has been affected by governmental action." *Id.* at 560 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481 (1972)).

Plaintiff complains that he was not given 24-hour notice of the charges against him and was not allowed to call witnesses. (D.E. 1, p. 6). *See Wolff,* 418 U.S. at 556 (holding that when an inmate is entitled to due process, written notice of the charges must be given at least 24 hours prior to the hearing so the inmate can prepare and the inmate should be allowed to call witnesses and present documentary evidence when not unduly

hazardous to institutional safety or correctional goals). Because Plaintiff was eligible for mandatory supervision and lost good time as a result of the disciplinary hearing, he was entitled to the minimum due process protections outlined in *Wolff*.

Prison officials are given wide latitude in disciplining inmates. *Woods v. Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). Plaintiff received a disciplinary case for creating a disturbance on December 17, 2013 for banging on his cell door after Officer Juarez failed to give him his evening meal. He admits that he was given 24-hour notice of the Code 23, creating a disturbance violation, was appointed counsel substitute, and was allowed to call the nurse as a witness at the hearing. (D.E. 1, p. 14). Officer Juarez testified at the hearing that Plaintiff was in fact creating a disturbance. (D.E. 1, p. 5). Captain Gonzalez heard the evidence and found Plaintiff guilty of a lesser charge arising out of the same incident, disobeying an order. (D.E. 1, p. 5, 14).

In *Wolff,* the Supreme Court held that "We should not be too ready to exercise oversight and put aside the judgment of prison administrators…prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff,* 418 U.S. at 566. Plaintiff objects to the fact that Captain Gonzalez effectively went forward to consider the Code 24 violation although Plaintiff had understood the hearing to concern only a Code 23 violation. However, Plaintiff offers no authority to support his assertion that he was entitled to a separate hearing regarding the same incident and facts that were already before the DHO. In fact, the TDCJ-CID's *Disciplinary Rules and Procedures for Offenders* provides that:

> When the DHO determines that a lesser-included offense more accurately represents the offender's conduct and culpability, the DHO may find the offender guilty of the lesser included offense instead of the more serious offense, without further notice and hearing.

*See Disciplinary Rules and Procedures for Offenders*, pp. 22-23.[4] In addition, the *Disciplinary Rules* provide that, where a charge is merely changed to a lesser-included offense, then no additional notice of hearing is required. *Id.* And see *Walls v. Dretke,* 2006 WL 1715770, *12 (S.D. Tex. Jun. 20, 2006) ("When a prisoner is convicted of a lesser included offense based on factual allegations contained in the original charging instrument, his due process right of advance notice has been satisfied."); *Jennings v. Dretke,* 2005 WL 1155170, *1 (S.D. Tex. May 2, 2005) (prisoner not entitled to more notice where first charge gave inmate sufficient notice to defend against the second charge).

Plaintiff does not dispute that the Rule 24 violation, disobeying an order, is a lesser-included offense of creating a disturbance.[5] Instead, he argues that the lesser-included offense provision applies only when an offender has been charged with multiple disciplinary offenses, which he was not. (D.E. 5, p. 4). However, there is nothing in the *Disciplinary Rules* limiting the lesser-included offense provision to instances in which an inmate is charged with multiple offenses. The evidence shows that Plaintiff was given notice of a Rule 24 violation for creating a disturbance on December 17, 2013, that he

---

[4] https://www.tdcj.state.tx.us/documents/cid/Disciplinary_Rules_and_Procedures_for_Offenders_English.pdf.

[5] Plaintiff does not dispute the charge of failing to obey an order is a lessor included offense of creating a disturbance in the context of a prison disciplinary hearing. Neither side has offered any information about the elements of these disciplinary offenses or of their potential punishments. The undersigned does not have sufficient information to find or recommend that is the case in this instance. However, this recommendation is not dependent on the lessor included offense analysis as the undersigned believes Plaintiff had sufficient due process protections at his disciplinary hearing to warrant granting the defendant's motion to dismiss.

was appointed counsel substitute to assist him, and given the opportunity to call a witness to testify in his defense. Plaintiff admitted to banging on his cell door and that he persisted in doing so until he was acknowledged by staff concerning his evening meal. Based on the evidence presented, Captain Gonzalez found that Plaintiff did not create a disturbance, but that he did disobey an order. Plaintiff had adequate notice of the factual allegations to understand the basis of the charge sufficient to prepare a defense in this prison disciplinary context. Moreover, Plaintiff offers no explanation as to how his defense would have varied or what additional evidence he would have presented to defend against the failure to obey an order charge if given an additional 24-hour notice. Moreover, the Fifth Circuit has held that in prison disciplinary proceedings, confrontation and cross-examination of witnesses is not constitutionally required, and prison officials may limit the number of witnesses called without explanation to the prisoner. *Houser v. Dretke,* 395 F.3d 560, 562 (5th Cir. 2004). Plaintiff was afforded all the due process protections required by *Wolff* as merited by his loss of good time credits.

      To the extent Plaintiff is seeking damages for his loss of commissary and recreation privileges, these punishments do not implicate due process protections because they do not present atypical hardships in relation to the ordinary incidents of prison life, nor do they affect the fact or duration of Plaintiff's sentence. *See Sandin v. Conner,* 115 U.S. 2293, 2300 (1995). Thus, these punishments cannot support § 1983 claims against Captain Gonzalez.

      Plaintiff also complains about the reduction in his time earning classification. However, the Fifth Circuit has repeatedly held that Texas prisoners do not have a

protected liberty interest in their ability to earn good time credits or the rate at which they can earn those credits because it is too speculative. *Malchi v. Thaler,* 211 F.3d 953, 959 (5th Cir. 2000). Accordingly, Plaintiff cannot premise a damage claim against Captain Gonzalez based a reduction in his time earning classification.

Similarly, Plaintiff's allegation that Captain Gonzalez may have violated TDCJ-CID policy or procedure fails to state a constitutional violation. The Fifth Circuit has explained that "a state's failure to follow its own procedural regulations does not establish a violation of due process because constitutional minima may nevertheless have been met." *Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989); *see also Myers v. Klevenhagen,* 97 F.3d 91, 94 (5th Cir. 1996) (prison's failure to follow its own policies, procedures, or regulations does not in-and-of itself constitute a due process violation). This allegation fails to state a cognizable claim.

### D. Gonzalez is entitled to qualified immunity.

The fact that Plaintiff's disciplinary conviction for the Code 24 violation was set aside on appeal does not equate with a finding that Plaintiff was denied due process. However, even if the facts were to establish that Plaintiff should have received an additional 24-hour notice on the Code 24 violation, Captain Gonzalez' conduct was objectively reasonable and he is entitled to immunity from Plaintiff's claims against him.

Government employees sued in their individual capacities are presumptively entitled to the defense of qualified immunity. *Salas v. Carpenter,* 980 F.2d 299, 305 (5th Cir. 1992). "This entitlement is an immunity from suit rather than a mere defense to liability." *Mitchell v. Forsyth,* 472 U.S. 511, 526 (1985). In order to overcome a

defendant's entitlement to qualified immunity, a plaintiff must: (1) plead facts showing that the defendant committed a constitutional violation under current law, and (2) establish the defendant's actions were objectively unreasonable in light of the clearly established law at the time of the incident. *Saucier v. Katz,* 533 U.S. 194, 201 (2001), overruled by *Pearson v. Callahan,* 555 U.S. 223 (2009) (holding that courts are permitted to exercise discretion in deciding which of the two prongs should be addressed first). Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs,* 475 U.S. 335, 341 (1986). A plaintiff fails to satisfy his burden with conclusory allegations of wrongdoing. *Geter v. Fortenberry,* 849 F.2d 1550, 1553 (5th Cir. 1988). The Supreme Court has held that "bare allegations of malice should not subject government officials either to the costs of trial or the burdens of broad-reaching discovery." *Harlow v. Fitzgerald,* 457 U.S. 800, 817-818 (1982).

In this case, Plaintiff complains that Captain Gonzalez; (1) found him guilty of a lesser-included offense after conducting a disciplinary hearing; and (2) was not impartial. He argues that Captain Gonzalez has eight years' experience as a DHO, and that he knew it was unreasonable to find Plaintiff not guilty of the Code 23 offense, but then to turn around and find him guilty of the Code 24 offense. (D.E. 5, pp. 9-10). However, Plaintiff does not dispute that had 24-hour notice of the hearing, he was represented by counsel substitute, and he called a witness to testify on his behalf. He does not dispute that the hearing concerned only his conduct of December 17, 2013 and his banging on the cell door because he was not given a meal. He does not deny the behavior that caused him to be charged with a disciplinary case. To the contrary,

Plaintiff believes his behavior was justified because his mouth was wired shut and he did not want to miss a meal as he was nutritionally challenged at that time. Plaintiff successfully persuaded Captain Gonzalez that he was not guilty of the Rule 23 violation of creating a disturbance of which he was initially charged. The fact that Captain Gonzalez went on to find that the evidence supported a Rule 24 violation for disobeying an order, however, does not change the fact that Plaintiff was on notice as to why he was having a disciplinary hearing in the first place, nor does Captain Gonzalez finding him guilty of that charge demonstrate lack of impartiality. Captain Gonzalez' conduct in serving as DHO of Plaintiff's disciplinary case was within the normal course of his employment, and Plaintiff fails to allege any facts to suggest that Captain Gonzalez actions were unreasonable in light of clearly established law. Specifically, Plaintiff has not met his burden by demonstrating that all similarly situated reasonable officials would have known that the alleged acts of Captain Gonzalez violated the U.S. Constitution. *Thompson v. Upshur County, Tex.,* 245 F.3d 447, 460 (5th Cir. 2001). Captain Gonzalez' conduct was a reasonable exercise of authority at a prison disciplinary hearing, and he did not violate Plaintiff's clearly established constitutional rights, such that he is entitled to the defense of qualified immunity.

    **E.    State law claims.**

Plaintiff also claims that Captain Gonzalez' conduct in finding him guilty of disobeying an order amounts to malicious prosecution, defamation of character, and intentional infliction of emotional distress in violation of Texas state law. (D.E. 1, pp. 7-10).

Section 101.1016(f) of the Texas Tort Claims Act provides that if a suit is filed against an employee of a government unit based upon conduct within the general scope of that employee's employment, and if it could have been brought against the governmental unit, the suit is considered to be against the employee in the employee's official capacity only. Tex. Civ. Prac. & Rem. Code § 101.106(f); *Franka v. Velasquez,* 332 S.W.3d 367, 369-85 (Tex. 2011). In *Franka,* the Texas Supreme Court explained that § 101.106(f) was intended to "foreclose suit against a government employee in his individual capacity if he was acting within the scope of employment." *Franka,* 332 S.W.3d at 381. In waiving governmental immunity for governmental units, "the Legislature correspondingly sought to discourage or prevent recovery against an employee." *Id.* at 384. Pursuant to *Franka,* all tort claims, including intentional tort claims against individual government actors, "could have been brought" against the relevant governmental unit, regardless of whether its own immunities might ultimately bar the claim. Thus, Plaintiff's state law tort claims against Captain Gonzalez are barred, and can be dismissed. *See Huff v. Rufugio County Sheriff's Dep't* , 2013 WL 5574901, *3-4 (S.D. Tex. Oct. 9. 2013) (J. Costa) (applying *Franka* rule to dismiss prisoner's intentional tort claims against jailers for assault and battery).

However, if the Court does not wish to dismiss Plaintiff's state law claims with prejudice, the Court may alternatively decline to exercise supplemental jurisdiction over these claims and dismiss them without prejudice. Federal courts may, under limited circumstances, exercise jurisdiction over state law claims. 28 U.S.C. § 1367(a) provides:

> In any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

While under § 1367(a) a district court properly exercises supplemental jurisdiction over state law claims that are part of the same case or controversy over which the district court has original jurisdiction, § 1367(c)(3) provides that a district court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if … the district court has dismissed all claims over which it has original jurisdiction." District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed. *Noble v. White,* 996 F.2d 797, 799 (5th Cir. 1993). When all federal claims are dismissed or otherwise eliminated from a case prior to trial, the general rule in the Fifth Circuit is to decline to exercise supplemental jurisdiction over the remaining state law claims. *Wong v. Stripling,* 881 F.2d 200, 204 (5th Cir. 1989). Therefore, if the Court adopts this memorandum and recommendation dismissing Plaintiff's federal claims, the Court may either dismiss Plaintiff's state law claims with prejudice pursuant to *Franka* or the Court may decline to exercise supplemental jurisdiction and dismiss the state law claims without prejudice.

V.   **RECOMMENDATION.**

For the reasons stated herein, it is respectfully recommended that the Court grant Captain Gonzalez' Rule 12(b)(6) motion to dismiss (D.E. 4), and that Plaintiff's § 1983 claims against this defendant be dismissed with prejudice for failure to state a claim upon which relief can be granted, and/or dismissed with prejudice as barred because Captain

Gonzalez is entitled to qualified immunity.  It is respectfully recommended further that Plaintiff's state law tort claims against Captain Gonzalez be dismissed.

Respectfully submitted this 20th day of January, 2016.

_____
Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).