United States District Court
Southern District of Texas
**ENTERED**
February 23, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| MARK  WALTERS, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:15-CV-57 |
| | § | |
| JOE  GONZALEZ, | § | |
| | § | |
| Defendant. | § | |

**ORDER ADOPTING
MEMORANDUM AND RECOMMENDATION ON
DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (D.E. 4).   On January 21, 2016, United States Magistrate Judge Jason B. Libby issued a Memorandum and Recommendation (M&R, D.E. 7), recommending that Defendant's Motion to Dismiss be granted.  With respect to Plaintiff's federal due process claim, this recommendation is based upon the conclusion that Plaintiff was not entitled to additional notice after his disciplinary charge was downgraded and, even if he were entitled to additional notice, Defendant is entitled to qualified immunity.   With respect to state causes of action, the M&R recommends dismissal based upon state law immunity or, alternatively, remand to state court based on the Court's discretion to abstain from exercising supplemental jurisdiction after the federal claim is disposed of.  Plaintiff has filed objections to the M&R, discussed below. D.E. 9.

1

### A.  Plaintiff Briefed Issues Not in Contention

As a preliminary matter, the Court notes that Plaintiff has provided a significant amount of briefing on issues that are not in dispute.  His briefing of the pleading standards is unnecessary because the motion to dismiss was not granted on the basis of any defect in the way he stated his claims.  Rather, the result is based upon the lack of a cognizable claim for the wrong Plaintiff claims to have suffered and the conclusive availability of exonerating defenses.

With respect to the due process analysis, Plaintiff briefs the standards to apply in prisoner disciplinary hearings under *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974), which standards are not in question.  He also asserts that his loss of good time credits implicates a liberty interest, which the Magistrate Judge and this Court recognize.  The due process decision is not based upon a lack of liberty interest or a failure to apply due process principles, but on the basis that Plaintiff, in fact, received the requisite due process commensurate with the disciplinary action brought against him to deprive him of good time credits.

### B.  Plaintiff's Procedural Due Process Claim Fails.

There are two facets to the recommended disposition of the federal due process claim:  (1) no additional 24-hour notice was necessary when Defendant downgraded the Charge 23 (on which Plaintiff was found not guilty) to a violation of Charge 24, which rendered the conviction that was later overturned (D.E. 1, p. 17) and (2) Defendant is entitled to a complete defense based upon qualified immunity.  Plaintiff's objections to

the first basis are incorrect and he fails to object to the second independent basis for dismissal.

### 1.  24-Hour Notice

Plaintiff objects to the M&R's conclusion that he did not demonstrate his right to a new 24-hour notice and hearing when the charge against him was downgraded.  He claims that this procedural right is readily apparent from the *Wolff* decision—that new notice is automatically required for every charge.  But the Supreme Court in *Wolff* expressly stated that the requirements of due process in prison disciplinary matters will vary to fit the particular needs of the prisoner and the state.  *Wolff,* 418 U.S. at 555-56. More importantly, the *Wolff* opinion does not address the manner in which the courts must review any need for additional notice and an opportunity for hearing with respect to lesser included offenses.

Plaintiff does not brief any reason not to treat Charge 24 as a lesser included offense of Charge 23.  Rather, he simply challenges the Magistrate Judge's reliance on *Walls v. Dretke*, Civil Action No. H-05-3680, 2006 WL 1715770, *12 (S.D. Tex. June 20, 2006) and *Jennings v. Dretke*, Civil Action No. H-03-3454, 2005 WL 1155170, *2 (S.D. Tex. May 2, 2005) because they are habeas corpus actions rather than § 1983 civil rights actions and have other dissimilarities to this case.  Plaintiff's argument makes a distinction without a difference.  Regardless of the type of relief sought and the other issues in those cases, their analysis of the notice requirement of *Wolff* applies broadly to these prison disciplinary cases.  The notice must be directed to the conduct at issue—the date, time, and event alleged to be a violation of the rules.  What is important is that the

prisoner have notice of the facts upon which the claim is based.  Because both charges related to the exact same conduct, Plaintiff's notice on Charge 23 was sufficient for him to assemble his defense against the lesser charge.

In that regard, Plaintiff has not shown why the notice he was given regarding the conduct at issue was insufficient to put him to his proof on both charges, to the extent there was any variation in them.  The M&R's analysis of the due process issue was not limited to the consideration of whether new notice was required, but also considers whether Plaintiff suffered any injury as a result of not being given new notice.  The Magistrate Judge pointed out that Plaintiff had not shown how any defect in the notice prejudiced him.

While Plaintiff argues that he was prejudiced by the loss of good time credits, that is not the issue.  The question is whether additional notice would have made a difference—eliminating the basis of his conviction.  As the M&R points out, Plaintiff has not articulated any additional arguments or evidence he would have presented at a disciplinary hearing had he been given the additional notice.  Plaintiff's objections have not addressed that defect in his claim.  Thus his due process claim must fail because he has not demonstrated that he was entitled to additional notice for a lesser included offense and because he has not shown that additional notice would have likely rendered a different decision.  Plaintiff's objections to the M&R's recommendation to dismiss his claim for denial of due process based on the failure to demonstrate that he was entitled to relief are **OVERRULED**.

2.  **Qualified Immunity is a Complete Defense**.

The M&R further recommends granting Defendant's claim of qualified immunity. This is an alternate basis on which to dismiss Plaintiff's due process claims. Plaintiff did not object to any part of this recommendation and, after review, the Court finds no clear error in the analysis. For this additional reason, the Court may overrule any objections and dismiss the due process claims.

**C.  Plaintiff's State Law Claims Fail.**

Plaintiff states that the Magistrate Judge did not analyze his state law claims, and for that reason he requests that the Court consider them or remand them to state court. But the M&R clearly recommended dismissal or remand of those claims under the part of the M&R labeled "State law claims." D.E. 7, pp. 14-16. Because Plaintiff simply ignored the M&R's analysis, the objection is OVERRULED. The Court agrees that Plaintiff's state law claims are eliminated by the Texas Tort Claims Act, Tex. Civ. Prac. & Rem. Code § 101.106(f) and *Franka v. Velasquez*, 332 S.W.3d 367, 383-85 (Tex. 2011). Thus the Court will dismiss rather than remand the state law claims.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and

conclusions of the Magistrate Judge.  Accordingly, Defendant's Motion to Dismiss (D.E.

4) is **GRANTED** and this action is **DISMISSED WITH PREJUDICE**.

ORDERED this 23rd day of February, 2016.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE